DECISION OF DISMISSAL
This matter is before the court on Defendant's motion to dismiss (motion), filed with its Answer on May 11, 2011, which states that under ORS 308.295(5)(c) the court does not have authority to review Plaintiff's appeal of a late filing penalty imposed under ORS 308.295. (Def's Answer at 2.)
Plaintiff filed its Amended Complaint on April 22, 2011, requesting that the court "waive $5,000.00 penalty" imposed under ORS 308.295. (Ptf's Am Compl at 1.) Plaintiff appealed to the county board of property tax appeals (board) and the board sustained the penalty. (Ptf's Compl at 2, Mar 28, 2011.) Defendant's motion states that the property at issue is industrial and "[t]he late filing penalty was imposed under ORS 308.295." (Def's Answer at 2.) Defendant requests that the case be dismissed based on ORS 308.295(5)(c). (Id.)
A case management conference was held in this matter on July 18, 2011, during which the parties discussed Defendant's motion. William F. Sweat (Sweat) appeared on behalf of Plaintiff. Jeff Ivie and Brian Linke appeared on behalf of Defendant. Sweat stated that the filing was late because the bookkeeper who ordinarily files the return was behind in her work due to her husband's illness. Additionally, Sweat noted that the 2010-11 tax year was the first year that Plaintiff was required to file a return with the Oregon Department of Revenue (Department) *Page 2 
rather than Defendant, and the Department's forms are more complex and confusing.
During the conference on July 18, 2011, the parties agreed to submit additional written arguments concerning the motion. The deadlines for those submissions were memorialized in the court's Journal Entry dated July 18, 2011. The Journal Entry states that "[a]fter reviewing the parties' arguments, the court will rule on Defendant's Motion to Dismiss in writing." (J Entry at 1.) Plaintiff was to file additional written arguments by August 17, 2011. (Id.) As of the date of this decision, the court has received no further communication from Plaintiff. As agreed upon by the parties, Defendant filed its written response on August 31, 2011, requesting that the case be dismissed. (Def's Resp to Lack of Written Resp by the Ptf at 1.)
ORS 308.295(3)[1] imposes a penalty on "delinquent taxpayer[s] required by ORS 308.290 to file a return reporting principal or secondary industrial property[.]" ORS 308.295(5)(a) allows the board to waive a penalty imposed under ORS 308.295 "[u]nless the penalty is the subject of an appeal under ORS 311.223." ORS 308.295(5)(c) states: "An appeal may not be taken from the determination of the board underthis subsection." (Emphasis added.) This court has previously held that it has no authority to consider penalty waiver requests under ORS 308.295(5).[2] Gruma v. Yamhill County Assessor and Dept. ofRev., TC-MD No 041156B (Nov 16, 2005); Pacific Coast Investments v.Clatsop County Assessor, TC-MD No 100367D (Mar 16, 2011) (interpreting ORS 308.296, which includes a subsection identical to ORS 308.295(5)).
The late filing penalty at issue here was not imposed as part of an omitted property assessment. Furthermore, Plaintiff appealed to the board, as allowed under ORS 308.295(5), and *Page 3 
the penalty was upheld. An appeal to this court is not permitted under ORS 308.295(5)(c); thus, the court is without authority to consider Plaintiff's appeal. Defendant's motion is hereby granted and Plaintiff's appeal is dismissed. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ___ day of September 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Pro Tempore Allison R.Boomer on September 15, 2011. The Court filed and entered this documenton September 15, 2011.
[1] All references to the Oregon Revised Statutes (ORS) are to 2009.
[2] ORS 308.295(5) does not apply where "the penalty is the subject of an appeal under ORS 311.233," an omitted property assessment. The penalty here, however, was not imposed as part of an omitted property assessment.
 *Page 1